ROANE), Judge.*
The court is oí opinion, that the plea of the act oí limitations is an issuable plea and such an one as ought to be received in setting aside an Office judgment. It is issuable, because the plaintiff may immediately take issue upon it, although under some circumstances he may omit to do it and reply some of the exceptions of the statute.
The court is also of opinion, that it is often and, most probably, is in this case, a very honest and conscientious plea: it may often be tfie only means of sheltering the defendant from paying an unjust debt.
In the case before us however, the office judgment was not set aside on the terms of pleading this plea: it was set aside on the plea of non assumpsit, and the defendant in offering to add this plea stands on the common ground of applying to add another plea deemed necessary to the defence of his cause. This liberty will not be denied unless the application be unreasonably delayed, and has a tendency to delay the plaintiff in his trial: it will not even then be denied, if it be essential to the justice of the case, and a good reason be shewn for not having pleaded it sooner. That this plea is or may be essential to the justice of the case before us, so far as can be discerned from the facts shewn on the first trial taken in relation to the case made by the declaration, cannot be doubted.
The defendant had also a good reason for not offering it sooner. He had a right to suppose that the end of the plea would be attained by the legal presumption arising from the staleness of the claim. The Jury however *found against that presumption on the first trial, and that without any evidence to shew an acknowledgment of the debt within twenty years. On the second trial they also found against the defendant, either without such last mentioned evidence, or in consequence of such evidence being produced.
In the first view the Jury may have misunderstood the law, on this point relative to simple contract debts, and thus have injured the defendant without any default in him. And if evidence of an acknowledgment of the debt was produced on the last trial, still it may be, that the plaintiff is not entitled to recover. The presumption may have been repelled by such evidence within the twenty years, but beyond the five years embraced by the act of limitations. In this last case nothing but the plea of the act could avail the cause of the defendant. Although a reliance on the presumption therefore would in most cases be sufficient for the defendant, and excuse him for not pleading the bar of the statute, it may not have that effect in all cases. In the case before us, that jilea is or may be essential to the defendant’s cause, and the court in its discretion ought to have allowed it.
As to the lapse of time which had taken place in this case, a part thereof is accounted for. by the order of reference to arbitrators, and another part by the death of the first administrator, and the probable delay in introducing the appellant as his successor.
And as to the verdict which was first found in this case, the case of Richardson v. Johnson, (k) shews, that that circumstance does not prevent the admission of a plea called for by the justice of the case.
The plea ought therefore to have been admitted by the court, especially in favor of an administrator who had been recently brought into the cause, and who may not when he first pleaded, have been sufficiently acquainted with the affairs of his intestate.
*Both Judgments are to be therefore reversed and the cause to be remanded in order to admit the plea aforesaid and for farther proceedings.

Brooke absent.

(k) 2 Call, 527.